UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESSE LEE SHAVERS,

Petitioner,

v.

ROBERT W. FOX, Warden,[1]

Respondent.

Case No.  15-cv-05647-YGR (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY; DENYING CERTIFICATE OF APPEALABILITY; AND DENYING PETITIONER'S REQUEST FOR PRELIMINARY INJUNCTION AS MOOT**

## I.    INTRODUCTION

Petitioner Jesse Lee Shavers, an inmate currently incarcerated at the California Medical Facility, filed a *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Before the Court is Respondent's motion to dismiss the instant petition as untimely under 28 U.S.C. § 2244(d)—the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Dkt. 6.  Petitioner has filed an opposition.  Dkt. 8.  Respondent has filed a reply.  Dkt. 10.  Petitioner has filed a sur-reply.[2]  Dkt. 11.

Also before the Court is Petitioner's request for a preliminary injunction.  Dkt. 7.

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss the petition as untimely, and DENIES Petitioner's motion for a preliminary injunction as moot.

## II.   BACKGROUND

In 1999, a San Francisco County jury found Petitioner guilty of assault with a deadly weapon (Cal. Penal Code § 245(a)(1)), willful infliction of corporal injury on a cohabitant (Cal. Penal Code § 273.5(a)), threatening to commit a crime that would result in death or great bodily injury (Cal. Penal Code § 422), dissuading a witness (Cal. Penal Code § 136.1(c)(1)), felony false

---

[1] Robert W. Fox, the current warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Petitioner's implied motion for leave to file a sur-reply is GRANTED. Dkt. 11.

United States District Court
Northern District of California

imprisonment (Cal. Penal Code § 236), injuring a telephone line (Cal. Penal Code § 591), violating a stay away order in a manner resulting in physical injury (Cal. Penal Code § 273.6(b)), making a telephone call with intent to annoy (Cal. Penal Code § 653m(b)), and violating a restraining order (Cal. Penal Code § 273.6(a)).  Resp't Ex. 1 at 1.  The jury found true accompanying great bodily injury, personal weapon use, and prior conviction enhancement allegations.  *Id.* at 3.  The jury failed, however, to return a verdict on the charge of attempted murder (count 1), and the trial court declared a mistrial thereon.  *Id.*  At the prosecution's request, count 1 was dismissed.  *Id.*

On June 10, 1999, the trial court sentenced Petitioner to state prison for 40 years to life. *Id.*

The California Court of Appeal affirmed the conviction in an unpublished opinion on March 29, 2001.  *Id.* at 21.  On June 13, 2001, the California Supreme Court summarily denied review.  Resp't Ex. 2.

On June 11, 2002,[3] Petitioner filed a state habeas petition in the California Court of Appeal, which was denied on June 13, 2002.  Resp't Ex. 3.

On August 13, 2010, Petitioner filed a second state habeas petition in the California Court of Appeal, which was denied on August 19, 2010.  Resp't Exs. 4, 5.  The state appellate court instructed Petitioner to first seek relief in the San Francisco County Superior Court.  Resp't Ex. 5.

On November 23, 2010, Petitioner filed a state habeas petition in the San Francisco County Superior Court, which was denied on January 25, 2011.  Resp't Exs. 6, 7.

On July 22, 2013, Petitioner filed a motion to issue transcripts in the California Court of Appeal, which was construed as a petition for a writ of mandate.  Resp't Ex. 8.  The state appellate court denied the petition on July 26, 2013.  Resp't Ex. 9.

On August 14, 2015, Petitioner filed a state habeas petition in the California Court of Appeal, which was denied on August 28, 2015.  Resp't Exs. 10, 11.

On September 8, 2015, Petitioner filed a state habeas petition in the California Supreme

---

[3] Neither party has submitted a hard-copy of Petitioner's initial state habeas petition. Therefore, the only date available on record is the filing date of June 11, 2001.

1   Court, which was denied on October 14, 2015.  Resp't Exs. 12, 13.

2       On December 4, 2015,[4] Petitioner filed the instant federal habeas petition.  Dkt. 1.

3   **III.    DISCUSSION**

4       The AEDPA, which became law on April 24, 1996, imposes a statute of limitations on

5   petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners

6   challenging non-capital state convictions or sentences must be filed within one year of the latest of

7   the date on which: (A) the judgment became final after the conclusion of direct review or the time

8   passed for seeking direct review; (B) an impediment to filing an application created by

9   unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the

10  constitutional right asserted was recognized by the Supreme Court, if the right was newly

11  recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the

12  factual predicate of the claim could have been discovered through the exercise of due diligence.

13  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

14      A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, must

15  satisfy the AEDPA statute of limitations.  *See Calderon v. United States Dist. Court (Beeler)*, 128

16  F.3d 1283, 1286 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States*

17  *Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc).

18      The one-year period generally will run from "the date on which the judgment became final

19  by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.

20  § 2244(d)(1)(A).  "Direct review" includes the ninety-day period during which a criminal

21  appellant can file a petition for a writ of certiorari from the United States Supreme Court, whether

22  he or she actually files such a petition or not.  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

23      As a threshold matter, once a petitioner is notified that his petition is subject to dismissal

---

[4] A *pro se* federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing.  *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court).  Petitioner signed his federal habeas petition on December 4, 2015.  Dkt. 1 at 8.  For the purposes of this discussion, the Court deems his petitions as filed on that date.  *See Saffold*, 250 F.3d at 1268.

based on the AEDPA's statute of limitations and the record indicates that the petition falls outside the one-year time period, he bears the burden of demonstrating that the limitations period was sufficiently tolled under statutory and/or equitable principles. *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In the present case, the California Supreme Court denied review on June 13, 2001. The judgment became final for purposes of the AEDPA statute of limitations ninety days later, on September 11, 2001. *See id.* The one-year limitations period, therefore, began to run on that date. Accordingly, Petitioner had until September 11, 2002 to file his federal petition. *See* 28 U.S.C. § 2244(d). Because he did not file the present petition until December 4, 2015—more than thirteen years after the limitations period had expired—the petition is untimely unless Petitioner can show he is entitled to tolling. In addition, Petitioner seems to argue that he is entitled to a delayed commencement of the limitations period, as further discussed below.

### A.    Statutory tolling

The one-year statute of limitations is tolled under section 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Tolling applies to one full round of collateral review. *Carey v. Saffold*, 536 U.S. 214, 223 (2002).

As mentioned above, the one-year limitations period began running against Petitioner on September 11, 2001. It ran until it was tolled by the filing of his state habeas petition in the California Court of Appeal on June 11, 2002, which is a period of 273 days. The limitations period started to run again two days later on June 13, 2002, when the state appellate court denied his petition, and Petitioner only had 92 more days (365 days minus 273 days)—or until September 13, 2002—to file his federal habeas petition.

The record shows that Petitioner sought further collateral review in state courts in 2010, 2013 and 2015. However, as mentioned above, the one-year limitations period had expired on September 13, 2002. A state habeas petition filed after the AEDPA's statute of limitations ended cannot toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)

United States District Court
Northern District of California

4

United States District Court
Northern District of California

("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed.).  Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations."  *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).  Therefore, Petitioner is not entitled to any statutory tolling during the time frame he sought further collateral review in state courts in 2010, 2013 and 2015.

Accordingly, Petitioner's state habeas petitions filed in 2010, 2013 and 2015 do not revive the limitations period that had already run.  Because Petitioner did not meet the one-year requirement for filing the instant federal habeas petition and he was entitled to at most only three days (June 11, 2002 to June 13, 2002) of statutory tolling, his petition is barred as untimely under 28 U.S.C. § 2244(d)(1) unless he can show that he is entitled to a delayed commencement of the limitations period or equitable tolling.

**B.     Delayed Commencement of the Limitations Period**

As mentioned above, a petitioner may attempt to justify the late filing of his habeas petition by demonstrating his eligibility for a delayed commencement of the limitations period under either subheadings (B), (C) or (D) of section 2244(d)(1).  Here, Petitioner claims in his opposition to the motion to dismiss that he is entitled to a delayed commencement of the limitations period.  *See* Dkt. 8.  Specifically, Petitioner argues that he is entitled to a later start date of the statute of limitations due to the California Supreme Court's decision in *People v. Vargas*, 59 Cal. 4th 635 (2014).  *Id.* at 2.

First, Petitioner does not present any evidence or argument suggesting there existed unconstitutional state action that created an impediment to his filing the petition.  *See* 28 U.S.C. § 2244(d)(1)(B).   Therefore, he is not entitled to a delayed commencement of the limitations period under section 2244(d)(1)(B).

Second, under section 2244(d)(1)(C), the one-year limitation period starts on the date on which "the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

United States District Court
Northern District of California

1   collateral review."   In interpreting 28 U.S.C. § 2255(f)(3), an analogous provision for federal

2   prisoners seeking to file under 28 U.S.C. § 2255, the Supreme Court has held that the one-year

3   limitation period begins to run on the date on which the Supreme Court recognized the new right

4   being asserted, not the date on which that right was made retroactive.  *See Dodd v. United States*,

5   545 U.S. 353, 357 (2005).  Here, Petitioner seems to argue that he is entitled to a later start date of

6   the statute of limitations due to the California Supreme Court's decision in *Vargas*, which he

7   contends established a new constitutional rule. Dkt. 8 at 2.  However, only the United States

8   Supreme Court can announce a "new rule" under 28 U.S.C. § 2244(d)(1)(C)).  *See Preston v.*

9   *Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000); *cf. Dodd*, 545 U.S. at 357 (construing identical

10  language in 28 U.S.C. § 2255); *Nichols v. United States*, 285 F.3d 445, 447 (6th Cir. 2002) (same).

11  Accordingly, the California Supreme Court's decision in *Vargas* did not recognize a new

12  constitutional right under 28 U.S.C. § 2244(d)(1)(C).  Moreover, *Vargas*, 59 Cal. 4th at 641-49,

13  addresses state sentencing law, an issue that is not cognizable on federal habeas review.  *See* 28

14  U.S.C. 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a

15  federal habeas court to reexamine state-court determinations on state-law questions.  In conducting

16  habeas review, a federal court is limited to deciding whether a conviction violated the

17  Constitution, laws, or treaties of the United States."); *Langford v. Day*, 110 F.3d 1380, 1389 (9th

18  Cir. 1996) ("alleged errors in the application of state law are not cognizable in federal habeas

19  corpus").  Therefore, Petitioner is not entitled to a delayed commencement of the limitations

20  period under section 2244(d)(1)(C).

21          Finally, to the extent Petitioner argues that the California Supreme Court's decision in

22  *Vargas* triggered a new one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(D) by

23  supplying the "factual predicate" for his federal constitutional claim, such an argument is

24  unavailing.  Petitioner fails to show that he could not have discovered the factual basis for his

25  underlying federal claim despite due diligence because the California Supreme Court's decision in

26  *Vargas* did not constitute a "factual predicate" under 28 U.S.C. § 2244(d)(1)(D).  *See* 28 U.S.C.

27  § 2244(d)(1)(D); *see also Shannon v. Newland*, 410 F.3d 1083, 1088-89 (9th Cir. 2005)

28  (California Supreme Court's decision in *People v. Lasko*, 23 Cal. 4th 101 (2000) did not constitute

1    a "factual predicate" under 28 U.S.C. § 2244(d)(1)(D)).  Further, even if Petitioner had meant to

2    argue that he did not understand the *legal* significance of the facts of his underlying federal claim

3    before *Vargas* were decided, such an argument is also unavailing.  A prisoner does not "need[] to

4    understand the legal significance of those facts—rather than simply the facts themselves—before

5    the due diligence (and hence the limitations) clock start[s] ticking . . . .  Time begins when the

6    prisoner knows (or through diligence could discover) the important facts, not when the prisoner

7    recognizes their legal significance."  *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000)

8    (citation and internal quotation marks omitted).

9           Accordingly, Petitioner is not entitled to a delayed commencement of the limitations

10    period under either subheadings (B), (C) or (D) of section 2244(d)(1), and the petition is untimely.

11           **C.     Equitable Tolling**

12           The Supreme Court has determined that AEDPA's statute of limitations is subject to

13    equitable tolling in appropriate cases.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  "When

14    external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely

15    claim, equitable tolling of the statute of limitations may be appropriate."  *Miles v. Prunty*, 187

16    F.3d 1104, 1107 (9th Cir. 1999).  Equitable tolling, however, is unavailable on most cases because

17    extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's

18    control make it impossible to file a petition on time."  *Beeler*, 128 F.3d at 1288 (citation and

19    internal quotation marks omitted).  The prisoner must show that "the 'extraordinary

20    circumstances' were the cause of his untimeliness."  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.

21    2003) (citations omitted).  The petitioner bears the burden of showing he is entitled to equitable

22    tolling, and the determination of whether such tolling applies is a fact-specific inquiry.  *Id.*  Thus,

23    the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him,

24    *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002), and that "the extraordinary

25    circumstances were the cause of his untimeliness, . . . and that the extraordinary circumstances

26    made it impossible to file a petition on time," *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)

27    (internal quotation marks and citations omitted).

28           Here, Petitioner has not alleged that he is entitled to equitable tolling.  Thus, nothing

United States District Court
Northern District of California

7

1  currently in the record suggests the possibility of equitable tolling.  Even in his petition, Petitioner

2  alleges no facts from which the Court could infer that his failure to raise his claims prior to the

3  expiration of the limitations period was because of circumstances which were beyond his control

4  and which made it impossible to file a timely federal petition.  It was Petitioner's delay in

5  pursuing his state court remedies, rather than extraordinary circumstances, which led him to

6  exceed the limitations period.  *See Miranda*, 292 F.3d at 1065.  The limitations period will not be

7  equitably tolled.

8        Accordingly, Respondent's motion to dismiss is GRANTED, and the petition is

9  DISMISSED because it was not timely filed under 28 U.S.C. § 2244(d)(1).

10  **IV.  PETITIONER'S REQUEST FOR A PRELIMINARY INJUNCTION**

11        Petitioner seeks a preliminary injunction in which he requests that the Court issue an

12  "Order for injunction against R. J. Donavan State Prison for threatening [him] harm and no legal

13  access to the law library."  Dkt. 7.  This request is DENIED as moot as the Court has granted

14  Respondent's motion to dismiss.

15        Furthermore, the Court notes that Petitioner's request for a preliminary injunction involves

16  a challenge to the conditions of his confinement at the R. J. Donovan Correctional Facility

17  ("RJDCF"), where he was previously incarcerated in 2016.  Thus, his request is also DENIED

18  without prejudice to raising any such challenge in the context of a new civil rights action in the

19  Eastern District of California, where RJDCF is located.

20  **V.  CERTIFICATE OF APPEALABILITY**

21        The federal rules governing habeas cases brought by state prisoners have been amended to

22  require a district court that dismisses or denies a habeas petition to grant or deny a certificate of

23  appealability ("COA") in its ruling.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C.

24  foll. § 2254 (effective December 1, 2009).

25        For the reasons stated above, Petitioner has not shown "that jurists of reason would find it

26  debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529

27  U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

28

VI.   **CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1.   Petitioner's implied motion for leave to file a sur-reply is GRANTED.  Dkt. 11.

2.   Respondent's motion to dismiss the petition as untimely (dkt. 6) is GRANTED, and this action is DISMISSED with prejudice.

3.   A COA is DENIED.  Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

4.   Petitioner's request for a preliminary injunction is DENIED as moot and without prejudice to raising his challenge to the conditions of his confinement at RJDCF in the context of a new civil rights action in the proper venue—the United States District Court for the Eastern District of California.  Dkt. 7.

5.   The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

6.   This Order terminates Docket Nos. 6 and 7.

IT IS SO ORDERED.

Dated: February 3, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge